**The below described is SIGNED.**



Dated: September 01, 2011

**JOEL T. MARKER**
**U.S. Bankruptcy Judge**

Steven Dougherty (UT Bar No. 0906)
Leslie K. Orgera (UT Bar No. 11940)
ANDERSON & KARRENBERG
50 West Broadway, Suite 700
Salt Lake City, UT  84101-2035
Telephone:  (801) 534-1700
Facsimile:  (801) 364-7697
E-Mail:  sdougherty@aklawfirm.com
          lorgera@aklawfirm.com

**Attorneys for Plaintiff, Sean Railton**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| IN RE: | CHAPTER 7 BANKRUPTCY |
| LEE M. HINDIN, | CASE NO. 09-33746 |
| DEBTOR. | |
| SEAN RAILTON, | ADVERSARY PROCEEDING |
| PLAINTIFF, | CASE NO.   10-02261 |
| vs. | |
| LEE M. HINDIN, | Judge Joel T. Marker |
| DEFENDANT. | |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The above matter came before the court for trial on August 11, 2011.  Plaintiff Sean Railton

appeared through counsel Steven W. Dougherty and Leslie K. Orgera.  Defendant Lee Hindin,

although given notice, did not appear.

On that date, the Court received exhibits, heard proffered testimony, and heard argument of counsel, and is fully advised. The Court finds as follows:

## I.   FINDINGS OF FACT.

1.   Prior to the filing of their involuntary bankruptcy case, Mr. Railton obtained a judgment against Mr. Hindin in *Loewy v. Hindin et al.*, Civil No. 080500320, filed on May 14, 2008, in Utah Third District Court for Summit County, Utah, Silver Summit. This proceeding is brought to determine the non-dischargeability of that state court's judgment.

2.   In November and December 2007, Mr. Hindin as borrower and Mr. Railton as lender executed certain Promissory Notes and Deeds of Trust under which Mr. Railton loaned Mr. Hindin an aggregate amount of $626,400 (the "Loans").

3.   The Loans were secured by real property known as Lot 1, Aspen Creek Crossing Subdivision, Summit County, Utah (the "Property").

4.   Mr. Hindin failed to repay Mr. Railton pursuant to the terms of the Loans.

5.   In *Loewy v. Hindin,* Mr. Railton brought a crossclaim against Mr. Hindin for fraud, in inducing Mr. Railton to make the Loans.

6.   Mr. Railton is now the holder of a claim against Mr. Hindin which was reduced to a judgment as evidenced in the Partial Summary Judgment Mr. Railton obtained against Mr. Hindin on Mr. Railton's crossclaim for fraud. *See* Partial Sum. J., a copy of which is attached hereto as **Exhibit A**.)

7.   After a full hearing, the Third District Court for Summit County, Utah held the Warranty Deed upon which Mr. Hindin based his ownership interest in the Property securing the Loans, and upon which Mr. Railton reasonably relied in making the Loans to Mr. Hindin, to be a

forgery and void *ab initio*.

8.     The Warranty Deed appeared to be properly executed in every way and was even notarized, and was filed of record with the Summit County, Utah Recorder, and subsequently published as a part of the public record pertaining to the Property.

9.     Specifically, the Third District Court adjudged that:

FURTHER, the facts are undisputed, and are now beyond dispute, that Mr. Hindin practiced intentional fraud on Mr. Railton to obtain the substantial sums of money awarded herein, by forging the Warranty Deed purporting to convey an interest in the Property in order to induce Mr. Railton to loan him substantial sums of money.

10.     In reality, the Property belonged to Robert K. Loewy and Susan E. Loewy. The Loewys filed the underlying state court action in May 2008, in which, *inter alia*, they brought a cause of action to quiet title. Mr. Railton was named as a defendant along with Mr. Hindin.

11.     Mr. Hindin was represented in the underlying case by competent counsel and actively but unsuccessfully, opposed the Loewys' motion for summary judgment. And while Mr. Hindin was given full and fair notice, he failed to appear or appoint counsel. While Mr. Hindin chose not to oppose Mr. Railton's motion for partial summary judgment, Mr. Hindin was nevertheless given proper notice and an opportunity to appear.[1] Specifically:

    a.  Mr. Hindin, through counsel, filed Answers to both the Loewys' complaint and Mr. Railton's crossclaim in November 2008.

    b.  When Mr. Hindin refused to participate in discovery, Mr. Railton filed a motion to compel. Shortly thereafter in January 2009, Mr. Hindin's attorney filed a motion to withdraw, which motion was granted in March 2009.

---

[1] This fact was evidenced by the Third District Court for Summit County in its Order Granting [Loewys'] Motion for Summary Judgment and Decree of Quiet Title, p. 2-3, a copy of which is attached hereto as **Exhibit B**, when it enumerated the extensive efforts by Plaintiffs to elicit a response from Mr. Hindin pertaining to his obligation to appear or appoint counsel. Finding that "Plaintiffs had complied with Rules 5(b)(1) and 74(c) of the Utah Rules of Civil Procedure."

   c. After Mr. Hindin's counsel withdrew, the Third District Court for Summit County afforded Mr. Hindin every opportunity to engage new counsel or appear *pro se*.

   d. Specifically, the Court struck the hearing on Plaintiffs' then pending Motion for Summary Judgment, and on March 1, 2009, suspended the proceedings for twenty days during which Mr. Hindin was to appoint counsel or appear pursuant to Rule 74(c) of Utah's Rules of Civil Procedure.

   e. Mr. Hindin failed to appear personally or through counsel at the April 27, 2009, hearing on Plaintiff Loewys' motion for summary judgment at which time the Court granted summary judgment and quieted title to the Property in favor of Loewys.

   f. Despite a June 25, 2009, court order granting Mr. Railton's motion to compel Mr. Hindin's production, Mr. Hindin failed to respond to discovery.

   g. Mr. Hindin failed to appear at depositions of him which were properly noticed in July and August 2009.

   h. Mr. Hindin failed to oppose Mr. Railton's motion for partial summary judgment filed in late August 2009, which was granted a month later on September 27, 2009.

12. In December 2009, petitioning creditors Mr. Railton, Daniel Clingo and Scott Adelman, filed the involuntary chapter 7 bankruptcy petition (Petition No. 09-33746) in this Court.

13. The instant adversary proceeding was filed March 30, 2010.

14. On June 30, 2011, Mr. Hindin's legal counsel in this case and this proceeding, James W. Anderson, withdrew as Mr. Hindin's counsel with Court approval.

15.    Mr. Hindin was advised to appear in the proceeding or appoint new counsel, but failed to do so, and failed to appear at the time set for trial herein despite having been given notice thereof.

Based on the above findings of fact, the Court makes the following:

## II.    CONCLUSIONS OF LAW.

### A.    The Judgment from the Third District Court for Summit County Precludes Mr. Hindin from Litigating the Facts Underlying that Judgment.

1.    The Judgment from the Third District Court for Summit County which found and concluded that Mr. Hindin practiced intentional fraud upon Mr. Railton has preclusive effect in this Court. *See Grogan v. Garner*, 498 U.S. 278, 284 (1991) (where creditor "who successfully obtained a fraud judgment in a jurisdiction that requires proof of fraud by clear and convincing evidence" may invoke collateral estoppel.) *See also Prince v. Bear River Mut. Ins. Co.*, 56 P.3d 524, 536 (Utah 2002) ("Clear and convincing" is the standard of proof required to prove fraud under Utah law.)

2.    A judgment precludes relitigation of an issue in a later proceeding if:

(1) the issue previously decided is identical with the one presented in the action in question, (2) the prior action has been fully adjudicated on the merits, (3) the party against whom the doctrine is invoked was a party . . . to the prior litigation, and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action.

*In re Corey*, 394 B.R. 519, 526 (10th Cir. BAP 2008).

3.    Here, the issue of whether Mr. Hindin committed fraud has been decided; he did. Mr. Hindin has been previously adjudged a forger and has been found to have forged documents upon which Mr. Railton reasonably relied in making the loans. That issue is identical with the question posed here as to whether Mr. Hindin's debt is dischargeable under 11 U.S.C. §

523(a)(2)(A).  The debt to Mr. Railton is not dischargeable because the debt has been held to be

the result of "actual fraud."

4.      Further, Mr. Hindin's failure to oppose summary judgment does not vitiate the

preclusive effect of the Third District's Judgment.  Mr. Hindin actively participated in his

defense in the underlying state court action, and was on notice of all the claims against him, and

those claims were fully adjudicated on the merits.  Here, the case of *In re Corey* is instructive.

5.      In *In re Corey*, the court held that the ""actual litigation" requirement of collateral

may be satisfied [when] a party was afforded a reasonable opportunity to defend himself on the

merits, but chose not to do so."  *In re Corey*, 394 B.R. 519, 528 (10th Cir. BAP 2008).  Given the

facts as detailed above, Mr. Hindin was afforded more than a reasonable opportunity to defend

himself and chose not to do so.  There are no facts on the record that Mr. Hindin was in any way

prevented from appearing at hearings to defend himself.  Mr. Hindin had notice and an

opportunity to be heard *pro se*, but failed to do so.

6.      Finally, it would be completely inequitable as well as inappropriate to reward Mr.

Hindin's failures to appear by allowing him an opportunity to re-litigate the same issues in a

different forum.  *See Id.*  Mr. Railton should not be required to "expend even more time and

resources pursuing a claim that has been already actively litigated and [properly] reduced to

judgment."  *Id.* at 530.

**B.      The Judgment from the Third District Court for Summit County Does Not
Bar this Court from Conducting a Hearing on Mr. Railton's Claims.**

7.      The Judgment from the Third District Court for Summit County does not preclude

this Court from conducting a full and fair hearing on Mr. Railton's claims as the Third District

Court's Judgment did not litigate the issue of non-dischargeability under 11 U.S.C.

§523(a)(2)(A) which is the focus of this action.

**C.      The Debt Due Mr. Railton by Mr. Hindin is Non-Dischargeable under 11 U.S.C. §523(a)(2)(A).**

8.      The debt due to Mr. Railton by Mr. Hindin is nondischargeable under the plain language of 11 U.S.C. § 523(a)(2)(A): "A discharge . . . does not discharge an individual debtor from any debt . . . for money . . . to the extent obtained by . . . actual fraud." Thus, this Court is entitled to rely on the state court's Judgment which "made factual adjudications" establishing Mr. Hindin's debt falls within the purview of § 523(a)(2). *See In re Wallace*, 840 F.2d 762, 765 (10th Cir. 1988).

9.      The relevant burden of proof here is preponderance of the evidence. *See Grogan v. Garner*, 498 U.S. 279, 291 (1991).

10.     Under the plain facts of this case, and the Judgment rendered by the Third District Court for Summit County, the debt due Mr. Railton by Mr. Hindin is non-dischargeable under 11 U.S.C. §523(a)(2)(A).

11.     Accordingly, Mr. Railton is entitled to the Judgment amount stated in the Third District Court Judgment, in the amount of $1,150,269.20, reduced by a $5,000.00 recovery received on the notary bond of Nathan Tucker which was paid to Mr. Railton on or about July 21, 2009, or $1,145,269.20 (the "Adjusted Judgment").

12.     Pursuant to the Third District, the Adjusted Judgment has accrued interest at the contract default rate of 24% per annum ($763.51 per diem) from the date of Judgment, October 18, 2009.

13.     On August 11, 2011, the amount due and owing under the Third District Court's Judgment was $1,145,269.20, the amount of the Adjusted Judgment, plus 662 days of interest at

$763.51 per diem through August 11, 2011, amounting to $505,444, totaling **$1,650,713.20**.

14.     Attorney fees from October 18, 2009, to the date of this Judgment amount to $18,725.50, which the Court finds to be reasonable and necessary. (*See* Motion for Attorneys Fees and Affidavit of Fees and Costs, filed herewith.)

15.     Costs amount to $408.16 and filing fees amount to $569.00 from October 18, 2009, to the date of this Judgment. (*Id.*)

16.     Mr. Railton is entitled to recover his attorney fees and costs incurred herein by reason of the contractual provisions of the agreement evidencing the Loans.

17.     The unpaid principal portion of the Judgment **($1,145,269.20)** attorney fees in the amount of $18,725.50, costs in the amount of $408.16, and filing fees in the amount of $569.00, are awarded hereby, and shall continue to accrue interest at the contract default rate of 24% per annum, until the entire amount is paid in full.

DATED this ____ day of _____, 2011.

BY THE COURT:

_____
Honorable Joel T. Marker
United States Bankruptcy Judge

# EXHIBIT A

TFFD DISTRICT CO.

2009 OCT 19  AM 9: 16

FILED BY _____

**ANDERSON & KARRENBERG**
Steven W. Dougherty (#0906)
Leslie K. Orgera (#11904)
50 West Broadway, Suite 700
Salt Lake City, Utah 84101-2035
Telephone:    (801) 534-1700
Facsimile:    (801) 364-7697

*Attorneys for Sean Railton and Deer Creek Title Insurance, Inc.*

## IN THE THIRD JUDICIAL DISTRICT COURT

## SUMMIT COUNTY, STATE OF UTAH

| | |
|---|---|
| ROB LOEWY and SUSAN LOEWY,<br><br>Plaintiffs,<br><br>vs.<br><br>LEE M. HINDIN; DUVAL DEVELOPMENT, LLC; SEAN RAILTON; DEER CREEK TITLE INSURANCE, INC., a Utah Corporation; and ALL OTHER PERSONS CLAIMING ANY RIGHT, TITLE OR INTEREST ADVERSE TO THE INTERESTS OF THE PLAINTIFFS,<br><br>Defendants. | **PARTIAL SUMMARY JUDGMENT AGAINST LEE HINDIN RE: BREACH OF CONTRACT & FRAUD CLAIMS**<br><br>Civil No. 080500320<br><br>Judge Robert K. Hilder |
| SEAN RAILTON,<br><br>Counterclaimant,<br><br>vs.<br><br>ROB LOEWY and SUSAN LOEWY,<br><br>Counterclaim Defendants. | |

SEAN RAILTON,

          Cross-Claimant,

vs.

LEE HINDIN,

          Cross-Defendant.

Cross-claim plaintiff Sean Railton's Motion for Partial Summary Judgment against defendant Lee Hindin was granted by Order of this Court in a Ruling and Order signed September 27, 2009, and filed September 28, 2009. Because the Motion was fully briefed and was not opposed, the Motion was granted without hearing.

SUMMARY JUDGMENT

The Court has carefully reviewed and considered the pleadings on file and the respective motion papers and has found them to thoroughly support Mr. Railton's Motion for Partial Summary Judgment against defendant Lee Hindin. In addition, the Motion was not opposed. Due to these factors the Court finds that argument will not further aid resolution. Based on the briefing, affidavit, and prior findings by this Court, and in the absence of opposition, the Court grants Mr. Railton's Motion for Partial Summary Judgment based on the undisputed facts which determine the following:

1.    On November 30, 2007, and again on December 20, 2007, Mr. Hindin as Borrower and Mr. Railton as Lender executed Notes and Deeds of Trust wherein Mr. Railton loaned an aggregate face amount of $626,400, to Mr. Hindin secured by real property known as Lot 1, Aspen Creek Crossing Subdivision, Summit County, Utah (the "Property").

2

2.      The Notes are valid contracts under which Mr. Railton has performed all his obligations.

3.      Mr. Hindin has failed to perform his obligations under the Notes, and has presented no defense for failing to do so.

4.      Mr. Hindin claimed to hold title to the Property used to secure the Notes by a Warranty Deed signed November 21, 2007.

5.      Unknown to Mr. Railton was the fact that Mr. Hindin had forged the signatures on the Warranty Deed.

6.      On or about April 27, 2009, this Court ruled the Warranty Deed purporting to convey ownership of the Property to Mr. Hindin to be a forgery and void *ab initio*. The Deeds of Trust were also ruled to be void *ab initio*.

7.      Mr. Hindin made materially false statements pertaining to the Property, including the validity of the Warranty Deed and Mr. Hindin's title to the Property, which induced Mr. Railton to reasonably conclude that Mr. Hindin owned the Property, when in fact he did not, and thereby lend funds to Mr. Hindin.

8.      The forged Warranty Deed appeared to be properly executed in every way and was even notarized, and was filed of record with the Summit County, Utah Recorder, and subsequently published as a part of the public record pertaining to the Property.

9.      Mr. Hindin obtained the loans from Mr. Railton based upon Mr. Hindin's false representation that the forged Warranty Deed actually conveyed the Property to Mr. Hindin.

10.     Mr. Railton would not have made any loan to Mr. Hindin if he had known that Mr. Hindin did not own the Property and that the Notes were unsecured.

3

11.    Mr. Railton made the loans to Mr. Hindin in good faith ignorance of the invalidity of the Warranty Deed and with justifiable reliance on Mr. Hindin's false representations and has suffered damages for doing so.

ACCORDINGLY, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

Cross-claim plaintiff Sean Railton's Motion for Partial Summary Judgment against defendant Lee Hindin for Fraud and Breach of Contract is GRANTED.

FURTHER, the facts are undisputed, and are now beyond dispute, that Mr. Hindin practiced intentional fraud on Mr. Railton to obtain the substantial sums of money awarded herein, by forging the Warranty Deed purporting to convey an interest in the Property in order to induce Mr. Railton to loan him substantial sums of money.

FURTHER, that Mr. Hindin after signing the Notes, both valid contracts, has failed to perform his obligations under the Notes and is in breach of those contracts causing Mr. Railton damages in the amount awarded herein.

FURTHER, that Lee Hindin is liable to Sean Railton for the sum of $626,400; plus (b) contract late fees of $99,135.90; plus (c) interest $ 34,506.00 to dates of default; plus (d) default interest of 24% per annum of $351,995.59 (from February 28, 2008 and March 20, 2008, the respective dates of default to October 1, 2009); plus (e) expenses, including attorney fees, of $38,126.89 and (f) costs of $105.00, for a total Judgment Amount of $1,150,269.20.

The unpaid portion of the Judgment amount shall accrue interest at the contract default rate of 24% per annum ($756.34 per diem) from the date of the Judgment until the entire Judgment amount is paid in full.

4

This Judgment shall be augmented in the amount of the reasonable attorneys' fees and costs expended in collecting this Judgment by execution or otherwise, as shall be established by affidavit or declaration.

DATED: Dated this /8 day of October, 2009.

BY THE COURT:

_____
Honorable Robert K.
Third District Judge

I CERTIFY THAT THIS IS A TRUE COPY OF AN ORIGINAL DOCUMENT ON FILE IN THE THIRD DISTRICT COURT, SUMMIT COUNTY, STATE OF UTAH.

DATE: 7/28/11

_____
DEPUTY COUNTY CLERK

5

## CERTIFICATE OF SERVICE

I hereby certify that on the _9th_ day of October, 2009, I caused a true and correct copy

of the foregoing **PARTIAL SUMMARY JUDGMENT AGAINST LEE HINDIN RE:**

**BREACH OF CONTRACT & FRAUD CLAIMS** to be served, via first class mail, upon:

P. Bruce Badger
**Fabian & Clendenin**
215 South State Street, Suite 1200
Salt Lake City, Utah  84111

Lee M. Hindin
Dakota Mountain Lodge
2100 W. Frostwood Blvd.
Park City, UT 84098

Duval Development, LLC
c/o Lee M. Hindin, Registered Agent
27 Lower Cove Road
Park City, Utah  84098

6

# EXHIBIT B

FILED DISTRICT COURT
Third Judicial District

JUN 2 5 2009

SUMMIT COUNTY

By_____
Deputy Clerk

P. Bruce Badger (A4791)
FABIAN & CLENDENIN,
  A Professional Corporation
215 South State Street, Suite 1200
Salt Lake City, Utah  84111
Telephone:  (801) 531-8900
Facsimile:  (801) 531-1716

Attorneys for Plaintiffs/Counterclaim Defendants

_____

IN THE THIRD DISTRICT COURT

IN AND FOR SUMMIT COUNTY, STATE OF UTAH

_____

| | |
|---|---|
| ROB LOEWY and SUSAN LOEWY, )<br><br>     Plaintiffs, )<br><br>vs. )<br><br>LEE M. HINDIN; DUVAL DEVELOPMENT, )<br>LLC; SEAN RAILTON; DEER CREEK )<br>TITLE INSURANCE, INC., a Utah )<br>corporation; and ALL OTHER PERSONS )<br>CLAIMING ANY RIGHT, TITLE OR )<br>INTEREST ADVERSE TO THE INTERESTS )<br>OF THE PLAINTIFFS, )<br><br>     Defendants. )<br>_____)<br>SEAN RAILTON, )<br><br>     Counterclaimant, )<br><br>vs. )<br><br>ROB LOEWY and SUSAN LOEWY, )<br><br>     Counterclaim Defendants, )<br>_____)<br>SEAN RAILTON, )<br><br>     Cross-Claimant, )<br><br>vs. )<br><br>LEE HINDIN, )<br><br>     Cross-Defendant. )<br>_____)| **ORDER GRANTING MOTION FOR SUMMARY JUDGMENT AND DECREE OF QUIET TITLE**<br><br><br><br><br><br><br><br><br><br><br>Civil No. 080500320<br><br>Judge Robert K. Hilder |

Plaintiffs' Motion for Summary for Summary Judgment came on for hearing on April 27,

2009 at 3:30 p.m. Plaintiffs Rob Loewy and Susan Loewy were represented by P. Bruce Badger

of Fabian & Clendenin. Defendants Sean Railton and Deer Creek Title Insurance, Inc. were

represented by Steven W. Dougherty and Leslie K. Orgera of Anderson & Karrenberg.

Defendants Lee M. Hindin and DuVal Development, LLC did not appear and were not

represented by counsel.

<u>Notice to Appear or Appoint Counsel</u>

Before considering the merits of the summary judgment motion the court was advised by

Mr. Badger about Plaintiffs' efforts to notify Lee M. Hindin and DuVal Development, LLC of

their need to appear or appoint successor counsel.

On March 1, 2009, the court entered its order granting the motion of Joseph E. Wrona to

withdraw as counsel for Lee M. Hindin and DuVal Development, LLC. On March 4, 2009,

Plaintiffs filed a Notice to Appear or Appoint Counsel, pursuant to Rule 74 of the Utah Rules of

Civil Procedure, which was served by U.S. mail on Lee M. Hindin and DuVal Development,

LLC, on March 2, 2009 at their last known addresses provided by Mr. Wrona. Mr. Badger

advised the court that the Notice to Appear or Appoint Counsel in each instance was returned

marked "Return to Sender, Unable To Forward".

Mr. Badger further advised the court that on April 9, 2009 the Notice to Appear or

Appoint Counsel was then mailed to DuVal Development, LLC and Mr. Hindin at what is

believed to be Mr. Hindin's residence, and the notice was again returned "Not Deliverable As

Addressed, Unable To Forward". Mr. Badger also advised the court that on April 9, 2009 the

2

Notice to Appear or Appoint Counsel was also mailed to DuVal Development, LLC at two

different addresses obtained from the Division of Corporations and Commercial Code, and has

not been returned.

The court finds, based on these circumstances and the certificates of service on file, that

Plaintiffs complied with Rules 5(b)(1) and 74(c) of the Utah Rules of Civil Procedure.

<u>Summary Judgment</u>

The court then turned to the merits of the summary judgment motion.

The court has carefully reviewed and considered the pleadings on file and the respective

motion papers, and has heard argument of counsel. Having been fully advised, the court grants

Plaintiffs' Motion for Summary Judgment based on the undisputed facts which determine the

following:

1.      Rob Loewy and Susan Loewy have established their record fee title to Lot 1,

Aspen Creek Crossing, Summit County, Utah (the "Loewys' Lot"), by virtue of the Warranty

Deed that is Exhibit A to the Second Amended Complaint;

2.      The so called Limited Power of Attorney signed by Rob Loewy (Exhibit E to the

Second Amended Complaint) grants authority to DuVal Development, LLC and its manager Lee

M. Hindin to exercise very broad powers to manage, improve, develop, market and sell the

Loewys' Lot and to engage in all activities related thereto;

3.      The "PROVIDED however" clause at the conclusion of the Limited Power of

Attorney is clear and unambiguous. It reads:

3

> PROVIDED, however, that all business transacted hereunder for
> me shall be transacted in my name and that endorsements and
> instruments executed by My Attorney for the purpose of carrying
> out the foregoing powers shall contain my name, followed by that
> of My Attorney and the designation "attorney-in-fact".

4.      This clause protects the principal from the exercise of the broad powers otherwise granted to the attorney-in-fact under the Limited Power of Attorney;

5.      Lee M. Hindin violated the "Provided however" clause and had no authority under the Limited Power of Attorney for the purported signatures of Rob Lowey [sic] and Susan Lowey [sic] that he signed on the Warranty Deed (Exhibit B to the Second Amended Complaint) that purported to convey the Loewys' Lot from Rob Lowey [sic] and Susan Lowey [sic], as grantors, to Lee M. Hindin, as grantee. The purported signatures of Rob Lowey [sic] and Susan Lowey [sic] are forgeries. The Warranty Deed is, therefore, void *ab initio*.

6.      Because Lee M. Hindin had no interest in the Loewys' Lot, the two trust deeds (Exhibits C and D to the Second Amended Complaint) from Lee Hindin, as trustor, in favor of Deer Creek Title Insurance, Inc., as trustee, and Sean Railton, as beneficiary, are likewise void.

**ACCORDINGLY, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

Plaintiffs' Motion for Summary Judgment is granted.

The following instruments are declared void *ab initio* and are of no force or effect:

1.      Warranty Deed, dated November 21, 2007, and recorded in the records of the Summit County Recorder, State of Utah, on December 3, 2007, as Entry No. 00831739, Book 1902, Page 0551; and,

2.      Trust Deed, dated November 30, 2007, and recorded in the records of the Summit County Recorder, State of Utah, on December 3, 2007, as Entry 00831740, Book 1902, Page 552; and,

3.  Trust Deed, dated December 20, 2007, and recorded in the records of the Summit
    County Recorder, State of Utah, on December 20, 2007, as Entry 00833128, Book
    1905, Page 1373.

FURTHER, Rob Loewy and Susan Loewy, husband and wife as joint tenants, are the

sole and exclusive owners of the following real property, and are entitled to the quiet and

peaceful possession thereof, and neither Lee M. Hindin, Duval Development, LLC, Sean Railton,

Deer Creek Title Insurance, Inc., nor any other person claiming under them has any estate, right,

title, lien or interest in or to the following real property located in Summit County, Utah,

described as follows:

> Lot 1, Aspen Creek Crossing, according to the Amended and
> Restated Record of Survey Map recorded December 29, 2003,
> as Entry No. 683998, in the office of the Summit County
> Recorder, State of Utah.
>
> Excepting there from all oil, gas, minerals, and ores situated in,
> upon, or under the above described tract of land, together with
> all rights in connection with or relative to the exploration,
> mining, removal or sale of the same.
>
> Also known by street and number as:  Lot 1 Aspen Creek
> Crossing or as 3474 Creek Crossing Drive, Park City, Utah
> 84098
>
> Tax Id. # ACC-1.

FURTHER, the First Cause of Action (Declaratory Judgment) of Sean Railton's

Counterclaim and Crossclaim is dismissed upon the merits;

FURTHER, the Second Cause of Action (Foreclosure of Trust Deeds) of Sean Railton's

5

Counterclaim and Crossclaim is dismissed upon the merits insofar as the claim for relief seeks

and demands the foreclosure of the two trust deeds that are declared void above;

FURTHER, Sean Railton shall be granted leave to amend his Counterclaim and

Crossclaim to include any additional claims against Rob Loewy, Susan Loewy, Lee M. Hindin

and Duval Development, LLC, other than claims related to the title to the Loewys' Lot.

DATED this _25th_ day of _June_____, 2009.

BY THE COURT:

Honorable Robert K. Hilder
Third District Court

Approved as to form:

Steven W. Dougherty
Leslie K. Orgera
Attorneys for Defendants Sean Railton
and Deer Creek Title Insurance, Inc.

I CERTIFY THAT THIS IS A TRUE COPY OF AN ORIGINAL
DOCUMENT ON FILE IN THE THIRD DISTRICT COURT,
SUMMIT COUNTY, STATE OF UTAH.

DATE: _____7/28/11_____

_____
DEPUTY COUNTY CLERK

6

## CERTIFICATE OF SERVICE

On the 8TH day of May, 2009, I hereby certify that I caused to be served a true and correct

copy of the foregoing **ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**

**AND DECREE OF QUIET TITLE** by depositing said document in the United States Mail,

postage prepaid, addressed as follows:

> Steven W. Dougherty
> Leslie K. Orgera
> ANDERSON & KARRENBERG
> 700 Chase Tower
> 50 West Broadway
> Salt Lake City, Utah  84101
>
> Lee M. Hindin
> 1790 E. Bonanza Drive, Suite E-260
> Park City, Utah  84060
>
> Duval Development, LLC
> 1790 E. Bonanza Drive, Suite E-260
> Park City, Utah  84060
>
> Duval Development, LLC
> 27 Lower Cose Road
> P.O. Box 982140
> Park City, Utah  84098
>
> Duval Development, LLC
> c/o Tassie Williams, Registered Agent
> 314 Main Street, Suite 200
> P.O. Box 3390
> Park City, Utah  84060

*Annette E Clark*